# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GARRY JOHNSON, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:23CV746 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Garry Johnson's First Amended Motion to Vacate Conviction under 28 U.S.C. § 2255 [ECF No. 12]. The United States filed a response partially consenting to Petitioner's Motion [ECF No. 13]. For the following reasons, Petitioner's Motion will be granted in part.

### Background

On July 22, 2021, Petitioner pled guilty to the following six counts of the Indictment: Two counts of completed Hobbs Act robbery (Counts Three and Five), one count of attempted Hobbs Act robbery (Count Nine) and three counts of Brandishing a Firearm in Furtherance of a Crime of Violence (Counts Four, Six, and Ten). Count Ten was a corresponding Brandishing a Firearm in Furtherance of a Crime of Violence count related to an attempted Hobbs Act robbery (Count Nine).

On May 6, 2022, Defendant was sentenced to a total term of imprisonment of 200 months in the Bureau of Prisons, specifically 20 months each on Counts Three, Five, and Nine to be served concurrently with each other, and a term of 60 months on each of Counts Four, Six, and Ten to be served consecutively to each other.

On June 21, 2022, the United States Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under §924(c)(3)(A). *United States v. Taylor*, 142 S. Ct. 2015 (2022). On June 6, 2023, Petitioner filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's ruling in *Taylor*. On September 26, 2023, Johnson filed his First Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 raising the same issues [ECF No. 12]. Specifically, Petitioner argues in Ground One that his conviction with respect to Count Ten is invalid because the corresponding attempted Hobbs Act robbery conviction (Count Nine) no longer qualifies as a crime of violence in light of the *Taylor* decision. The parties agree that the proper remedy is vacatur and resentencing. For the reasons set forth below, the Court finds that vacatur and a full resentencing are the appropriate remedies.[1]

## Legal Standard

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## Discussion

In *Taylor,* the Supreme Court held that attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), does not qualify as a crime of violence because it does not categorically

---

[1] Petitioner also raises an ineffective assistance of counsel claim (Ground Two). Since the Court will grant Petitioner's Motion in part based on *Taylor*, Ground Two is moot.

2

require the government prove the use, attempted use, or threatened use of force. *Taylor*, 142 S. Ct. at 2020-21. Instead, the Government only was required to prove: (i) the defendant intended to take personal property by means of actual or threatened force, and (ii) a substantial step towards that aim. *Id.* The Supreme Court found that it was categorically possible for a defendant to commit attempted Hobbs Act robbery without committing a crime of violence. *Id.* In other words, in *Taylor,* the Supreme Court distinguishes between an attempt to commit a crime which threatens the use of force, and the attempted use of force itself, finding that the former is broader than the latter. *Id.* at 2021. The United States concedes that Count Ten must be vacated pursuant to *Taylor*,[2] and the Court agrees. *See Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) (directing district court to vacate conviction under 18 U.S.C. § 924(c) because it was premised on a mistaken conclusion that conspiracy to commit Hobbs Act robbery was a crime of violence).

When a case involves multiple counts, and a defendant successfully attacks some, but not all, of the counts, courts will apply the "sentencing package doctrine." *See United States v. Williams*, 2023 WL 3590705, at *1 (8th Cir. May 23, 2023). A multi-count sentence is a "package;" severing a portion of the total sentence will "unbundle" the whole. *Gardiner v. United States*, 114 F.3d 734. 736 (8th Cir. 1997). A sentencing court issues one judgment, even when a defendant is sentenced for multiple, related convictions. *Id.* That judgment encompasses all the convictions and sentences which, in the aggregate, determine one overall term of custody. *Id.* The sentencing package doctrine allows a court to "vacate the entire sentence on all counts so that, on [resentencing], the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. McArthur,* 850 F.3d 925, 943 (8th Cir. 2017) (quoting *Greenlaw v. United States*, 544 U.S. 237, 253 (2008)). To correct the

---

[2] For the limited purposes of this case, the United States waives any argument regarding the procedural default of Petitioner's *Taylor* claim as well as the application of the collateral-review wavier in his Guilty Plea Agreement. The United States also notes that it intends to still request a 200-month sentence.

judgment, the Court must issue a new sentence which encompasses the aggregate term of custody. The Court finds that vacatur and a full resentencing are the appropriate remedies.

By separate order in the underlying criminal case, the Court will set a resentencing hearing and direct the United States Probation Office to prepare a resentencing report and sentencing recommendation. Resentencing Petitioner is within the Court's authority under § 2255, and it does not violate double-jeopardy principles. *See Gardiner*, 114 F.3d at 735-737. Further, such resentencing is consistent with maintaining a sentence compatible with the Court's intention based on the facts of the underlying criminal case. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Garry Johnson's First Amended Motion to Vacate Conviction under 28 U.S.C. § 2255 [ECF No. 12] is **GRANTED in part**. The sentence on Count Ten is set aside, and the case will be reset for sentencing by separate order.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 6th day of November, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**